IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WEATHERPROOF WIRELESS, LLC<br><br>Plaintiff,<br><br>v.<br><br>SILVER SPRING NETWORKS INC.<br><br>Defendant. | )<br>)<br>)<br>) Civil Action No.<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>) |

## COMPLAINT

For its Complaint, Plaintiff Weatherproof Wireless, LLC by and through its undersigned counsel, alleges as follows:

## THE PARTIES

1. Weatherproof Wireless, LLC is a Texas limited liability company with a place of business located at Plano, Texas.

2. Upon information and belief, defendant Silver Spring Networks Inc. ("Silver Spring") is a Delaware Corporation with its principle place of business in San Jose, California.

## JURISDICTION AND VENUE

3. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

4. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

5. Venue is proper in this district pursuant to §§ 1391(b), (c) and 1400(b) because Silver Spring is incorporated in Delaware.

**THE PATENT-IN-SUIT**

6. United States Patent No. 7,522,876 B1 (the "'876 patent") – entitled "Distributed Access Gateway and Wireless Router Pods and Public Safety Communications Infrastructure Incorporating the Same" – was duly and lawfully issued by the U.S. Patent and Trademark Office on April 21, 2009. A true and correct copy of the '876 patent is attached hereto as Exhibit A.

7. The claims of the '876 patent disclose a wireless router housed in a weatherproof enclosure, with gasket, and featuring antenna(s), mounting bracket and a wire harness to connect to electric power.

8. The inventors of the invention claimed in the '876 patent are Henry D. Meitzen and Maurice L. Pipkin.

9. Weatherproof Wireless is the assignee and owner of all right, title and interest in and to the '876 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,522,876**

10. Weatherproof Wireless repeats and realleges the allegations of paragraphs 1 through 9 as if fully set forth herein.

11. Without license or authorization and in violation of 35 U.S.C. § 271(a), Silver Spring has infringed at least claims 1, 6, 7, 8, 9, and 13 of the '876 patent by making, having made, using, importing, offering for sale, and/or selling access gateway and wireless router pods, including the Silver Spring Networks Inc. Access Points ("SSN-AP").

12. More specifically, the accused SSN-AP meets all the limitations of Claim 1 as it is an access gateway/wireless router pod that includes (1) a weather-resistant housing including a first and a second shell and a gasket in between; (2) a battery compartment; (3) a wireless router

located within the housing; (4) an access gateway located within the housing; (5) an antenna coupled to the housing and coupled to the wireless router or the access gateway through an antenna connection; (6) a mounting bracket couplable to the housing for mounting the device to a fixture; and (7) an electrical harness coupled to the housing and configured to couple the wireless router and the access gateway to a source of electric power that is associated with the fixture.

13. Further the accused SSN-AP meets all the limitations of dependent claim 6 because, *inter alia*, it includes an antenna coupled to both the wireless router and the access gateway through the antenna connection, allowing both the wireless router and the access gateway to use the antenna.

14. Further the accused SSN-AP meets all the limitations of dependent claim 7 because, *inter alia*, because it includes a weather-resistant housing is a dielectric structure in the form of a clamshell.

15. Upon information and belief, in manufacturing the accused SSN-AP, Silver Spring performs (or causes it to be performed on its behalf and at its direction and control) all of the steps of the method for manufacture recited Claim 8.

16. More specifically, upon information and belief, the manufacture of the accused SSN-AP includes at least the following steps (1) forming a weather-resistant housing having a battery compartment, (2) placing at least one electronic module within the housing; (3) coupling an antenna to the housing; (4) providing a mounting bracket that is coupled to the housing and configured for mounting the housing to a fixture; and (5) coupling an electrical harness to the housing and that is configured to couple at least one electronic module to a source of electric power, that is associated with the fixture.

17. Further, the accused SSN-AP meets all the limitations of dependent claim 9 because, *inter alia*, it includes a weather-resistant housing including a first and a second shell and, on information and belief, a gasket in between.

18. Further, the accused SSN-AP meets all the limitations of dependent claim 13 because, *inter alia*, because it includes at least one electronic module that is either an access gateway or a wireless router.

19. Weatherproof Wireless is entitled to recover from Defendant the damages sustained by Weatherproof Wireless as a result of Defendant's infringement of the '876 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

20. Upon information and belief, Defendant began to sell the SSN-AP in 2013, if not earlier.

## JURY DEMAND

Weatherproof Wireless hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Weatherproof Wireless requests that this Court enter judgment against Defendant as follows:

A. An adjudication that Defendant has infringed the '876 patent;

B. An award of damages to be paid by Defendant adequate to compensate Weatherproof Wireless for Defendant's past infringement of the '876 patent through the earlier of the date of judgment or the expiration of the '876 patent, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

  C. An injunction precluding Defendant's further infringement of the '876 patent;

  D. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Weatherproof Wireless's reasonable attorneys' fees; and

  E. An award to Weatherproof Wireless of such further relief at law or in equity as the Court decides is just and proper.

Dated: October 5, 2017    STAMOULIS & WEINBLATT LLC

             */s/ Stamatios Stamoulis*
             Stamatios Stamoulis #4606
             stamoulis@swdelaw.com
             Richard C. Weinblatt #5080
             weinblatt@swdelaw.com
             Two Fox Point Centre
             6 Denny Road, Suite 307
             Wilmington, DE 19809
             (302) 999-1540

Of Counsel:

             Nicole D. Galli (*pro hac vice to be filed*)
             Charles P. Goodwin (*pro hac vice to be filed*)
             LAW OFFICES OF N.D. GALLI LLC
             2 Penn Center Plaza, Suite 910
             1500 JFK Blvd
             Philadelphia, PA 19102
             Telephone: (215) 525-9580
             Facsimile: (215) 525-9585
             ndgalli@ndgallilaw.com
             cgoodwin@ndgallilaw.com

             *Attorneys for Plaintiff Weatherproof Wireless, LLC*